# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID ROBIN WHITMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-10-448-M |
| | ) | |
| RONALD HILL, RALPH FORD and | ) | |
| DAVID MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, David Robin Whitmore, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).[1]

Currently pending before the Court is Defendants' Motion to Dismiss/Motion for Summary Judgment and Brief in Support [Doc. #17] to which Plaintiff has responded. *See* Plaintiff's Response to Defendants' Motion [Doc. #21] (Response). In addition, the Court has received the court-ordered Special Report [Doc. #14] (conventionally filed). For the reasons set forth below it is recommended that Defendants' Motion, construed as a motion for summary judgment, be granted on grounds that Plaintiff has failed to establish a violation of his federal constitutional rights.

---

[1]Plaintiff also has filed another civil rights action, currently pending in this judicial district. *See Whitmore v. Hill*, No. CIV-10-430-M, United State District Court for the Western District of Oklahoma.

**I.      Plaintiff's Claims**

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections (ODOC). He is incarcerated at Lawton Correction Facility (LCF) in Lawton, Oklahoma. Plaintiff was charged with the offense of Disobedience to Orders arising out of an incident with correctional officer T. Rodgers on June 7, 2009. *See* Special Report, Exhibit 6. Plaintiff alleges a violation of his federal constitutional due process rights in the course of the prison disciplinary proceedings arising out of this misconduct offense. Prior to filing this § 1983 action, Plaintiff brought identical grounds for relief in an action filed in the Oklahoma state courts. As discussed more fully below, Plaintiff's state court action was dismissed on grounds of mootness.

In this § 1983 action, Plaintiff asserts, as he did before the Oklahoma state courts, that he did not receive advance notice of the misconduct offense prior to the disciplinary hearing. He further claims that when he filed an appeal of the misconduct conviction, prison officials did not properly review his appeal. He claims that had his appeal been properly reviewed, prison officials would have discovered his misconduct conviction had been dismissed. Plaintiff names as Defendants the following prison officials at LCF: Ronald Hill, Unit Manager and Disciplinary Hearing Officer; Ralph Ford, Captain and "Review[er]" of Appeal; and David Miller, Warden. As damages, Plaintiff requests costs and fees incurred in pursuing his claims for alleged denial of his federal constitutional due process rights.

## II. Standard of Review

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). To defeat a motion for summary judgment, evidence must be based on more than mere speculation, conjecture or surmise. *Rice v. United States*, 166 F.3d 1088, 1091-1092 (10th Cir. 1999). Moreover, the existence of a factual issue does not preclude entry of summary judgment where there is no evidence to support a dispute on that issue or the evidence is so one-sided that no reasonable juror could find for the other side. *True v. United States*, 190 F.3d 1165, 1177 (10th Cir. 1999).

## III. Undisputed Material Facts

1. On June 7, 2009, correctional officer T. Rodgers charged Plaintiff with the misconduct offense of Disobedience to Orders. *See* Special Report, Exhibit 5, Department of Corrections Offense Report.

2. On June 30, 2009, a disciplinary hearing on the misconduct offense was held and Plaintiff was found guilty of Disobedience to Orders. As a sanction, the hearing officer determined that Plaintiff would be fined $10. *See* Special Report, Exhibit 8, Disciplinary Hearing Report.

3. On June 29, 2009, correctional officer T. Rodgers provided a witness statement and requested to withdraw the offense report against Plaintiff. *See* Special Report, Exhibit 8 at electronic page 2, Witness Statement.

4. On July 6, 2009, a Facility Head Review was conducted and Plaintiff's misconduct offense was dismissed. *See* Special Report, Exhibit 8, Disciplinary Hearing Report.

5. On August 4, 2009, Plaintiff received a copy of the dismissal of the misconduct offense and signed a statement acknowledging receipt. *See* Special Report, Exhibit 8, Disciplinary Hearing Report.

6. Apparently confused about the disposition, Plaintiff appealed the misconduct offense on August 8, 2009, as if there had been no dismissal of the charges. *See* Special Report, Exhibit 9, Offender's Misconduct Appeal Form. Plaintiff challenged the (dismissed) misconduct conviction on grounds that he was denied due process, including written notice of the charge, twenty-four hours to prepare before the hearing, the opportunity to present witnesses and/or witness statements and a written statement of the evidence used for a determination of guilt. *See id*.

7. Plaintiff's appeal was processed and the Facility Head reviewed the appeal as if Plaintiff had received a conviction for the misconduct offense. The Facility Head affirmed the (already dismissed) conviction on September 28, 2009. *See* Special Report, Exhibit 10, Offender Misconduct Appeal Form Due Process Review.

8. When Plaintiff further appealed, on February 18, 2010, the Director's Designee ordered a rehearing – again operating under the erroneous

assumption that Plaintiff had received a misconduct conviction. *See* Special Report, Exhibit 11, Response from Director or Designee.

9. However, on January 19, 2010, while the prison disciplinary appeal was pending, Plaintiff filed a Petition in the District Court of Oklahoma County, State of Oklahoma. *See* Special Report, Exhibit 12, Petition. In the state court action Plaintiff raised due process challenges similar to the claims brought in this § 1983 action. *See id.*

10. In the course of the state court action, the Respondent, the Oklahoma Department of Corrections, correctly advised the court that the misconduct conviction had been dismissed on July 6, 2009. *See* Special Report, Exhibit 13, Respondent's Answer.

11. The state district court denied relief to Plaintiff on March 25, 2010. Because no sanction had been imposed on Plaintiff as a result of the disciplinary charge and because prison officials had dismissed the charge, the district court found that the case was moot. *See* Special Report, Exhibit 14, Order Denying Relief on Petition for Judicial Review. The state district court's order was affirmed by the Oklahoma Court of Criminal Appeals (OCCA). *See* Special Report, Exhibit 15, OCCA Order Denying Relief.

12. On May 3, 2010, Plaintiff filed this § 1983 action.

## IV. Analysis

The United States Supreme Court has held that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a Defendant in such proceedings does not apply ." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Only when a disciplinary proceeding threatens a constitutionally protected liberty interest is a prisoner guaranteed due process under the Federal Constitution. *Id*.

In *Sandin v. Connor*, 515 U.S. 472 (1995), the Supreme Court held that although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause . . . these interests will generally be limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 483-484. And, even where protected liberty interests are implicated, prisoners are only entitled to the "the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir.1996) (quotation marks and citations omitted). These minimal safeguards require that a prisoner receive (1) advance written notice of the charges; (2) the right to call witnesses and present documentary evidence in his own defense if doing so does not jeopardize institutional safety or correctional goals; and (3) a written statement indicating the evidence relied on and the reasons supporting the disciplinary action. *Superintendent, Mass. Corr. Inst. at Walpole v. Hill*, 472 U.S. 445, 454 (1985).

Fundamentally, Plaintiff has not alleged facts demonstrating the deprivation of a protected liberty interest. The undisputed factual record establishes that the only sanction imposed against Plaintiff was the imposition of a $10 fine. But the imposition of this fine does not give rise to a protected liberty interest. *Compare Hornsby v. Jones*, 2010 WL 3277650 at *2 (10th Cir. Aug. 20, 2010) (unpublished op.) (finding that punishment for disciplinary conviction which included 20 days of segregation, a reduction in credit level for 60 days and two separate fines "was hardly atypical" and therefore, no liberty interest was implicated to support alleged due process violation); *Byrd v. Cornell Corrections, Inc.*, 60 Fed. Appx. 191, 193-194 (10th Cir. Feb. 6, 2003) (unpublished op.) (prisoner who received as sanctions for prison disciplinary conviction thirty days' confinement in disciplinary segregation and a $50 fine failed to show that the conditions to which he was subjected constituted an atypical and significant hardship). And, even if imposition of such a fine could implicate procedural due process protections, the record is void of any evidence that $10 was ever taken from Plaintiff for payment of the fine. Instead, the undisputed factual record demonstrates that approximately six days after the disciplinary hearing officer found Plaintiff guilty of the misconduct offense, on further review by the Facility Head, the misconduct conviction was dismissed.

Plaintiff claims that he is entitled to relief in this § 1983 action because the only way to establish the misconduct conviction had been dismissed was for Plaintiff to challenge the misconduct conviction in the state courts. But again, in making such a claim, Plaintiff fails

7

to establish the deprivation of a liberty interest. Moreover, the record demonstrates Plaintiff received notice of the dismissal of the misconduct conviction on August 4, 2009. On the same form recording the dismissal, Plaintiff signed a statement acknowledging his receipt of a copy of the disposition. Plaintiff's apparent mis-reading of the notice of dismissal caused him to file an appeal of the misconduct conviction. Thus, Plaintiff's own conduct set in motion the erroneous treatment of the dismissed misconduct conviction, as a conviction requiring administrative appellate review. To the extent the prison officials contributed to this error, their conduct constitutes, at best, negligence, but nothing implicating the violation of a federal constitutional right.

Finally, the state courts denied Plaintiff's claims as moot, finding Plaintiff had already received all relief to which he may have been entitled. Thus, Plaintiff has failed to demonstrate any causal connection between the alleged deprivation of his constitutional rights and damages he may have incurred in bringing the state court action. He did not prevail in the state court action, and no relief was awarded to him.

For these reasons, Plaintiff has failed to show the violation of a constitutional right. Accordingly, Defendants are entitled to judgment as a matter of law in their favor.[2]

---

[2]Based on this recommended disposition of Plaintiff's claims, it is unnecessary to address the additional bases upon which Defendants have moved for dismissal and/or summary judgment including mootness, failure to exhaust administrative remedies and lack of personal participation. The Court recognizes that the issue of mootness implicates the Court's subject matter jurisdiction. *See, e.g, Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005) ("'Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.'")(*quoting McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir.1996)). Defendants are correct that where, as here, prison officials reverse a hearing officer's determination on administrative appeal, the Tenth Circuit has
(continued...)

## **RECOMMENDATION**

It is recommended that Defendants' Motion to Dismiss/Motion for Summary Judgment [Doc. #17], construed as a motion for summary judgment, be granted. Plaintiff has failed to establish the violation of his federal constitutional rights, and Defendants are entitled to judgment as a matter of law in their favor.

## **NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to file objections to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by January __5th__, 2011. *See* Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[2](...continued)
found the prisoner's § 1983 challenge to disciplinary sanctions is moot. *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989). In such cases, the prisoner has received the relief to which is entitled. *Id*.
     Here, however, Plaintiff does not seek reversal of a disciplinary sanction – relief he has already received. Instead, Plaintiff seeks damages incurred in the state court proceedings – damages he claims he had to incur before getting prison officials to acknowledge the administrative dismissal of his misconduct conviction. Thus, the nature of Plaintiff's requested relief makes his claims different from those at issue in *Durre*. For this reason, the Court has recommended that summary judgment be entered in favor of Defendants on grounds Plaintiff has failed to allege the denial of a constitutional right, rather than a dismissal of Plaintiff's claims on grounds of mootness.

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred in this matter and terminates the referral.

ENTERED this __15th__ day of December, 2010.

*/s/ Valerie K. Couch*
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE